UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DONEIA STOUMILE,**

    **Plaintiff,**

  v.                                 **Civil Action 2:25-cv-999**
                                      **Judge Sarah D. Morrison**
                                      **Magistrate Judge Chelsey M. Vascura**

**ULTA STORE 422,**

    **Defendant.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Doneia Stoumile, an Ohio resident proceeding without the assistance of counsel, sues her former employer, Defendant Ulta Store 422, for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiff has submitted a request to proceed *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, Plaintiff **MAY PROCEED** on her Title VII retaliation claim, but for the reasons below, the undersigned

**RECOMMENDS** that the Court **DISMISS** Plaintiff's Title VII race discrimination claim under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

## I. BACKGROUND

Plaintiff alleges that she was hired by Defendant in September 2024 as a Lead Cashier. Plaintiff was held to stringent credit card sign-up goals and required to work every Friday, Saturday, and Sunday for six consecutive weeks. She was also penalized for tardiness due to public transportation running late and had her hours reduced suddenly in December without warning. In January, a white coworker named Mikel asked Plaintiff "what company [she] was going to," and Plaintiff responded, "the EEOC." Also in January, Mikel's partner entered the store and verbally harassed another Black employee, mistaking her for Plaintiff. Plaintiff no longer felt safe at work and on February 4, 2025, Plaintiff submitted a written internal complaint outlining the schedule changes, bullying, and discrimination she had suffered. Plaintiff was fired shortly after submitting this complaint. (Compl. ¶¶ 4–12, ECF No. 1-1.)

Plaintiff commenced this action on September 2, 2025, advancing claims for race discrimination and retaliation under Title VII. (ECF No. 1.) As relief, Plaintiff seeks backpay and compensatory and punitive damages. (*Id.*)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides:

2

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

Having conducted the initial screen of Plaintiff's Complaint, Plaintiff may proceed on her claim for retaliation under Title VII. But the undersigned recommends that her Title VII claim for race discrimination be dismissed.

"[A]ny Title VII plaintiff must carry the initial burden of offering evidence adequate to create an inference that an employment decision was based on a discriminatory criterion illegal under the Act." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 (1977). At the pleading stage, this means a Title VII plaintiff must "allege sufficient 'factual content'" from which a court could "draw the reasonable inference" that Defendants "discriminate[d] against [Plaintiff] with respect to [her] compensation, terms, conditions, or privileges of employment, *because of* [her] race, color, religion, sex, or national origin." *See Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, and 42 U.S.C. § 2000e–2(a)(1)) (emphasis in original).

Plaintiff has not done so. Plaintiff has not alleged that any similarly situated employees of a different race were treated more favorable than her. Nor has Plaintiff alleged any facts to

4

plausibly suggest that the alleged adverse employment actions (holding her to strict credit card sign-up goals, constant weekend shifts, discipline for tardiness, or reductions in her hours) were taken because of her race. Nor again would the incident in which a coworker's partner attempted to harass Plaintiff, but mistook another Black employee for her, constitute an adverse employment action or harassment that is severe or pervasive enough to be actionable as a hostile work environment under Title VII. *See, e.g.*, *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

In sum, Plaintiff's discrimination allegations are not "enough to raise a right to relief above the speculative level" or to "state a claim to relief that is plausible on its face" and Plaintiff's discrimination claim must be dismissed. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

## IV.     DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff **MAY PROCEED** on her Title VII retaliation claim, but for the reasons above, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Title VII discrimination claim under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

Plaintiff has submitted a service of process by U.S. Marshal form (Form USM-285) for Defendant. (ECF No. 1-4.) If Plaintiff wishes to have the United States Marshal effect service of the summons and Complaint on Defendant, Plaintiff is **DIRECTED** to submit a completed summons forms (Form AO-440) and a service copy of the Complaint (ECF No. 1-1) to the Clerk of Court. If Plaintiff does so, the Clerk is **DIRECTED** to issue the summons and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendant the issued summons, a copy of the Complaint, and a copy of this Order and Report and Recommendation.

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE